Pearson, J.
 

 The conveyance from Kerr to Alexander, being absolute on its face, although in fact a mere security for the $850 00 lent, and not being registered so as to show, that it was a mere security, was, under the Act of 1820, void against the creditors of Kerr and purchasers from him. The sale to Davidson, the defendant, being absolute and for full value, passed the title, although. Davidson had notice, that there was a right of redemption outstanding in Kerr, subject to this right of redemption, which .was a right in Equity, and did not affect the legal title. Davidson became the owner of the land by his purchase. The lessors of the plaintiff by their purchase acquired the right to represent Kerr and call upon Davidson, in Equity, to have the land, upon payment of the original sum lent and interest, or such part thereof as remained unpaid. The Judge below misconceived the ap. plication of the Act of 1840, chapter 28, which provides, that a volunteer or a purchaser for consideration shall hold the land against a subsequent purchaser for value, if such purchaser have notice of a previous voluntary conveyance.' This case, however, does not fall within the provisions of that Act, for here, Davidson, the defendant, is a' purchaser for. value from Alexander, and tho lessors of the. plaintiff aré subsequent purchasers, not from Alexander, but from Kerr, and have therefore no right in a Court of Law, under the 13th or 27th of Eliz., or under the Act of 1840, to impeach the title of Davidson, the defendant, who had, by payment of a full price, taken'the title from Alexander, before they, became creditors of Kerr, or, by their purchase made at sheriff’s .sale, acquired the right to represent creditors. ■ ,
 

 Per Curiam.
 

 Judgment reversed*